UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. WISTER,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD R. WHITE, et al.,<br><br>    Defendants. | Case No. 19-cv-05882-WHO<br><br>**ORDER GRANTING IFP AND DISMISSING COMPLAINT ON INITIAL REVIEW; DENYING MOTION TO DISMISS AS MOOT**<br><br>Re: Dkt. No. 1, 2, 11 |

This case has a confused posture. Pro se plaintiff Robert B. Wister filed and served on defendants a pleading titled "Appeal From Decision of California Supreme Court." *See* Complaint ("Compl.") [Dkt. No.1]. It appears that Wister is alleging three federal claims for violations of: (i) constitutional rights under 42 U.S.C. § 1983; (ii) Elder Abuse and Extortion Act under 42 U.S.C. § 3058i; and (iii) Elder Justice Act of 2009 under 42 U.S.C. § 1397j. *Id.* at 1. He also claims violations of two state criminal statutes, California Government Code sections 6200 and 6203. *Id.* at 2. In addition, he has filed an application to proceed *in forma pauperis* ("IFP"), which I grant. [Dkt. No. 2].

Having granted the IFP, I must examine the initial pleading, which I construe as a complaint despite its title, to ensure that it alleges non-frivolous claims that can be pursued in this court. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). If a complaint is frivolous or fails to state a claim, I am required to dismiss the case. 28 U.S.C. § 1915(e)(2). Defendants, having been served, have also filed a motion to dismiss.

Whether construed as an attempt to appeal a state court decision, over which I would have no jurisdiction under the *Rooker-Feldman* doctrine, or as a separate complaint, where it is apparent that he cannot state a plausible claim, Wister's complaint is frivolous. No amendment could cure

the problems identified below. Pursuant to my duty to review the complaint prior to continuation of the litigation, I DISMISS it with prejudice under § 1915(e)(2). Defendants' motion to dismiss is therefore DENIED as moot, all hearings are VACATED, and judgment shall be entered in accordance with this Order.[1]

## BACKGROUND

The claims involve a dispute that arose after the Alameda County Treasurer's Office lost a check that Wister sent to pay a tax bill. *See* Declaration of Raymond MacKay in Support of Defendants' Motion to Dismiss Plaintiff's Appeal [Dkt. No. 11-1], Ex. A (copy of June 25, 2019 California State Court of Appeals decision in *Wister v. Levy*, Case No. A154751) (hereinafter "Appellate Decision").[2]

In December 2015, Wister sent the Alameda County Treasurer's Office a check for $440.62 to pay the first installment of his property taxes. Appellate Decision at 2. The Treasurer informed Wister that it had lost his check. *Id.* Wister asked his bank to invalidate that check, for which he accrued a stop payment charge. *Id.* He then mailed a new check for $427.62, representing the $440.62 due less $13 for a stop-payment charge, but the Treasurer returned that check. *Id.* In April 2016, Wister issued a new check for $440.62 to pay his next April 2016 tax installment. *Id.* He mailed both this new check, and the previously returned $427.62 check. *Id.* The Treasurer applied the $440.62 check to his outstanding December 2015 installment, returned

---

[1] Wister opposed defendants' motion to dismiss by arguing that the motion was "premature" because it "precedes hearing on Settlement Conference scheduled for 12/31/2019." [Dkt. No. 15]. While it does not make a difference to the outcome of this matter, the court had scheduled a Case Management Conference, not a settlement conference. In no event would that conference have proceeded without the § 1915(e)(2) review. The motion to dismiss was not premature.

[2] The incorporation by reference doctrine allows me to review the Appellate Decision. Wister refers to it in his initial pleading, and defendants' also request judicial notice of it. *See* Defendants' Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Appeal [Dkt. No. 12]. Under the "incorporation by reference" doctrine, a court may "consider materials incorporated into the complaint or matters of public record," including "documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Wister's pleading refers to the Appellate Decision multiple times and seeks to "appeal" it. *See* Compl. at 3.

the $427.62 check, and demanded Wister to properly pay the April 2016 installment, plus penalties. *Id.*

When the Treasurer did not accept the partial payment, Wister sought a writ to compel the Treasurer to do so. Appellate Decision at 2. The state trial court sustained demurrers to Wister's first two writ petitions with leave to amend. *Id.* at 3. The trial court's second order identified omissions that were necessary to correct in order to state a valid claim for a writ of mandate, but Wister failed to correct those deficiencies. *Id.* at 3-4. Wister appealed, and the state court of appeals affirmed the trial court's dismissal without leave to amend. *Id.* at 4.

Wister now seems to appeal the state court of appeals decision and pursue three federal law claims, two state law claims, as well as exemplary damages against the Alameda County Tax Collector Donald R. White and the Office of County Counsel, which represented the County Tax Collector in the state trial court and appellate proceedings. *See* Compl. at 1-2, 5.

## LEGAL STANDARD

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings that lack such statement have failed to state a claim.

In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions [and] mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* at 678 (citing *Twombly*, 550 U.S. at 570).

Thus, to meet this requirement, the complaint must be supported by factual allegations. *Id.*

3

Further, a complaint is frivolous under § 1915 where there is no subject matter jurisdiction. *See Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under § 1915 where subject matter jurisdiction is lacking).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). "A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203−04 (9th Cir. 1988) (per curiam)). Further, when it dismisses the complaint of a pro se litigant with leave to amend, "the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Id.* (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)). "Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

**DISCUSSION**

While it is unclear whether Wister is seeking to file an appeal of a state court decision or a new complaint, he cannot move forward under either ground. Construed as an appeal, Wister's request that I overturn the judgment of the California Court of Appeals is the exact type of request that the *Rooker-Feldman* doctrine bars. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1156 (9th Cir. 2003). The *Rooker-Feldman* doctrine applies even when the state court judgment is not made by the highest state court. *See Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986). Both the Alameda County Superior Court and the California Court of Appeals have decided Wister's case, and a federal district court does not have jurisdiction

4

to review such an appeal.

If construed as a complaint, Wister's action is frivolous and fails to state a claim. He has failed to state a claim under the Elder Abuse and Extortion Act (42 U.S.C. § 3058i) and the Elder Justice Act of 2009 (42 U.S.C. § 1397j) because neither federal statute confers a private right of action. *See Sienze v. Madera Cty. Sheriff's Office*, No. 1:17-CV-00736-AWI-SAB, 2017 WL 2423672, at *7 (E.D. Cal. June 5, 2017) (holding that Congress "did not intend to create a private right of action" under the Elder Abuse and Extortion Act, so plaintiff did not have a federal cause of action for elder abuse); *Drayton-Smith v. Wright*, No. 4:15-CV-1952 (CEJ), 2016 WL 2643357, at *2 (E.D. Mo. May 10, 2016) (holding that the Elder Justice Act of 2009 "do[es] not provide a private cause of action and thus do[es] not provide a basis for federal-question jurisdiction").

Wister's two state law claims under California Government Code sections 6200 and 6203 fail because these are criminal statutes that do not create a private right of action.[3] *See Jackson v. Soc. Sec. Admin.*, No. 10-cv-02578 JW, 2011 WL 13142105, at *5 (N.D. Cal. Oct. 19, 2011), *aff'd,* 536 F. App'x 695 (9th Cir. 2013). The underlying state court decision in this case explicitly dismissed Wister's claims under these two statutes. *See* Appellate Decision at 5 ("Wister neither cites authority suggesting that this criminal provision creates a private cause of action not explains how the treasurer's use of his $440.62 check to pay the December 2015 installment instead of the April 2016 installment entailed falsifying a record. Wister has not shown that he can state a cause of action in tort.").

*Res judicata* bars Wister's claim under 42 U.S.C. § 1983 and all of the other claims alleged. Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). It prohibits lawsuits on any claim that were raised or could have been raised in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

---

[3] California Government Code section 6200 makes it a crime for a public officer to destroy, alter, or falsify a record deposited in a public office or placed in the officer's hands. *See* Cal. Gov't Code § 6200. California Government Code section 6203 makes it a crime for a public officer to make or deliver as true any certificate or writing containing statements which he or she knows to be false. *See* Cal. Gov't Code § 6203.

Because Wister could have raised a § 1983 claim arising out of the same facts in the previous state court proceedings, his § 1983 claim is now barred. *See George v. City of Morro Bay*, 356 F. App'x 952, 953 (9th Cir. 2009) (affirming decision to dismiss § 1983 claim by *pro se* plaintiff who could have raised it in her prior bankruptcy proceedings).

Moreover, Wister's claims against the Alameda County Counsel, who represented the Alameda Tax Collector in the underlying state proceedings, are further barred by absolute immunity. Government attorneys enjoy absolute immunity from liability under § 1983 "[w]hether the government attorney is representing the plaintiff or the defendant, or is conducting a civil trial, criminal prosecution or an agency hearing." *Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (citation omitted). Here, the Alameda County Counsel was "performing acts intimately associated with the judicial phase of the litigation," and therefore is "entitled to absolute immunity." *Id.* (internal quotation marks and citation omitted); *see also id.* (finding Internal Revenue Service ("IRS") attorneys were entitled to absolute immunity from liability in taxpayers' § 1983 action where allegations against IRS attorneys were based solely upon attorneys' official conduct in representing government in litigation in Tax Court).

Under most circumstances, particularly when a plaintiff is representing himself *pro se*, allowing an amendment to fix a complaint's deficiencies is appropriate. However, *res judicata* bars every claim asserted, and there is no way for Wister to state a plausible cause of action in this court arising out of the facts alleged.

## CONCLUSION

For the reasons stated above, Wister's claims against all defendants are DISMISSED without leave to amend. Judgment shall be entered in accordance with this Order.

**IT IS SO ORDERED.** Dated:

December 16, 2019

William H. Orrick
United States District Judge